IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

JEAN M. FRENCH

 Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

 Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Jean M. French, by and through her undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits her Complaint against the above-named Defendant.

## PARTIES

1. Plaintiff, Jean M. French, is a natural person and citizen of the State of Colorado, with a current address of 7627 East Mineral Drive, Centennial, Colorado 80112.

2. Defendant Unum Life Insurance Company of America ("Defendant Unum") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado. Defendant is a foreign corporation and is incorporated in Maine. Upon information and belief, this Defendant is the Administrator and/or insurer of the employee benefit plan at issue (specifically the Plan providing disability benefits). The Defendant's registered agent for service of process is the Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant administered and/or insured the employee benefit plans established on behalf of the employees of Cozen O'Connor, a law firm in Denver, Colorado ("Cozen"). The Plan, which provides *inter alia* short-term disability ("STD") and long-term disability benefits ("LTD") is, upon information and belief, subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA"). Upon further information and belief, the plan has delegated to Unum its obligation to make all benefit decisions at issue in this claim.

4. Further, the Plaintiff and Defendant are citizens of different states, and the amount in controversy (including the value of the future insurance benefits) exceeds $75,000.00.

5. At all pertinent times Plaintiff was an employee of Cozen and a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

6. Thus, and at all pertinent times, Plaintiff was covered by the provisions of the Plan, including but not limited to coverage for LTD subject to the terms and conditions of the insurance policy issued by Unum to cover the Plan, and/or the other Plan documents.

## JURISDICTION AND VENUE

7. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA §503 and the subject ERISA plan. Jurisdiction is also proper in that the parties are citizens of different states, and the amount in controversy, including unpaid LTD benefits and the value of other benefits, such as a life insurance policy, interest, fees, costs and penalties, if any, exceed the jurisdictional limit of this Court of $75,000.00.

8. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein the Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

9. At all pertinent times, Plaintiff was employed by Cozen as a litigation attorney/senior counsel. She satisfied all eligibility requirements for, and was a "participant" in the Plan (and/or "beneficiary" of the Plan) within the meaning of ERISA.

10. Beginning in or around 2022, Plaintiff began to experience multiple orthopedic issues including but not limited to bilateral hip/low back pain which required surgeries including *inter alia* a right open proximal hamstring repair with partial excision of the ischium/ischiofemoral and decompression of the sciatic nerve, and a partial gluteus repair trochanteric bursectomy.

11. These surgeries were necessary to address several serious orthopedic issues including but not limited to chronic pain from tearing of the labrum, labral separation with chondral thinning, severe hamstring tendonosis all with scarring, instability, impingement and the like.

12. These medical conditions and resulting surgeries resulted in pain, fatigue, difficulty with concentration and the like, and prohibited Plaintiff at all relevant times from continuing to perform the requirements of her job on a regular and consistent basis, as well as from any other job for which she is reasonably qualified, due to her symptoms.

13. As the aforementioned conditions prevented her from working on a full-time and regular basis, and from performing some of the other material requirements of her own and/or other comparable occupation, Plaintiff applied to the Plan, through Unum, for STD benefits.

14. Defendant approved Plaintiff's STD claim.

15. Plaintiff thereafter filed for LTD, which Defendant initially approved.

16. Plaintiff remained under the care of her physicians, who continued to certify she was under work restrictions.

17. Defendant subsequently terminated Plaintiff's claim for LTD on or about November 30, 2023, with no payments to Plaintiff after September 15, 2023.

18. Thereafter, Plaintiff timely submitted the various appeals required by the Plan document and requested a review of her claim, including on February 28, 2024. Plaintiff provided additional medical documentation and other information in support of her claim, including reports from her orthopedic surgeon. Plaintiff filed her appeal on or before the Plan's deadline.

19. Defendant formally denied Plaintiff's appeal for LTD benefits by letter on March 29, 2024.

20. Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition and the medical care she required (and recovery therefrom) prevents her from engaging in her own or any other occupation on a regular and consistent basis.

21. Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff as outlined herein.

22. Defendant has unreasonably rejected Plaintiff's medical evidence, including objective test results like MRIs.

23. Defendant has unreasonably failed to engage with the opinions of the treating doctors.

24. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

## FIRST CLAIM FOR RELIEF:
## VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS
## PLAINTIFF V. DEFENDANT

25. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for STD and LTD benefits, as set forth above.

26. At all pertinent times, Defendant was an administrator, and/or claim administrator for the Plan, within the meaning of ERISA.

27. Defendant otherwise delegated the authority to administer claims for premium waiver benefits by the Plan.

28. At all pertinent times, Plaintiff met the criteria for LTD under the Plan because she was unable to perform the functions of her own occupation on a regular, consistent and full-time basis and provided reasonable documentation (medical or otherwise) of that fact.

29. Upon information and belief, Defendant Unum also insures the Plan.

30. Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

31. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

32. Defendant's wrongful conduct includes, but is not limited to:

   A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians, and other similar evidence, and/or failing to meaningfully engage with that evidence;

   B. Failing to provide an adequate review and appeal, including refusing to give Plaintiff a reasonable opportunity to submit relevant information;

   C. Failing to act in Plaintiff's best interests;

   D. Failing to consider credible evidence of functional impairment;

   E. Failing to reasonably interpret and apply the terms of the Plan;

   F. Failing to consider its own finding in a related claim that Plaintiff is disabled for the purposes of LTD; and/or

   G. Failing to conduct a reasonable investigation.

33. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost benefits, attorney's fees and costs.

## **DAMAGES**

34. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of STD and/or LTD benefits. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

  A. A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

  B. An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or return Plaintiff to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of LTD insurance premiums and/or other benefits otherwise covered by the policy;

  C. Retroactive reinstatement of Plaintiff's benefits and payment of all back due LTD benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claims for future LTD.

  D. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

  E. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. 1132(g)(1); and

  F. Such other and further relief as this Court deems just and appropriate.

Dated this 23rd day of April, 2024.

    Respectfully submitted,

    SILVERN & BULGER, P.C.

    *s/Thomas A. Bulger, Esq.*
    Thomas A. Bulger, Esq.
    Counsel for Plaintiff
    363 South Harlan Street, Suite 205
    Lakewood, Colorado 80226
    (303) 292-0044
    Facsimile (303) 292-1466
    counsel@silvernbulger.com

**Plaintiff's address**

7627 East Mineral Drive
Centennial, Colorado 80112